IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DONTE J. PITT,

    Petitioner,

v.

                               Civil Action No. 3:07CV584

PATRICIA STANSBERRY,

    Respondent.

## MEMORANDUM OPINION

Petitioner is currently serving a three-hundred month term of imprisonment for drug and firearm offenses imposed by the United States District Court for the District of Maryland (hereinafter "the Sentencing Court"). The Sentencing Court previously denied a 28 U.S.C. § 2255 motion filed by Petitioner. Petitioner now has submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2241 wherein he challenges his conviction for use of firearm during a drug trafficking offense. Although styled as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the present action is in fact a successive motion pursuant to 28 U.S.C. § 2255.

This Court has limited jurisdiction to entertain successive 28 U.S.C. § 2255 motions. *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, the pertinent statute requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner cannot avoid the limitations on successive § 2255 motions simply by styling his attack on his conviction and sentence as a petition under 28 U.S.C. § 2241. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) (emphasizing that inmates may not circumvent the limitations on successive § 2255 motions simply by inventive labeling).

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence and must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Petitioner's current action must proceed under 28 U.S.C. § 2255 unless he demonstrates that the remedy afforded by 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. *See Swain v. Pressley*, 430 U.S. 372, 381 (1977); *In Re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). As pertinent here, the Fourth Circuit concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In Re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). Petitioner contends that he can meet all of the above requirements. Petitioner is incorrect. As explained below, Petitioner has not satisfied the second element.

Petitioner contends that his conviction for use of a firearm is based on conduct that is not criminal. Petitioner asserts that he merely received a firearm in payment for drugs. He contends that such conduct does not constitute "use" of a firearm sufficient to support a conviction under 18 U.S.C.A. § 924(c)(1) (1995). In *Smith v. United States*, 508 U.S. 223 (1993), the Supreme Court held that an individual who trades a gun for drugs, rather than selling it for money, "uses" the firearm in violation 18 U.S.C.A. § 924(c)(1). *Id.* at 237. "Although *Smith* resolved the 'use' issue in circumstances where a defendant traded a gun in order to obtain drugs, the question remained . . . . does section 924(c)(1) apply when drugs were traded for a gun?" *United States v.*

*Sumler*, 294 F.3d 579, 582 (3d Cir. 2002). The United States Court of Appeals for the Fourth Circuit has concluded that trading drugs for a firearm "constitute[s] 'use' of a firearm in relation to a drug trafficking offense." *United States v. Sierra-Gonzalez*, No. 05-4491, 2006 WL 285771, at *1 (4th Cir. Feb. 7, 2006) (*citing Smith*, 508 U.S. at 241; *United States v. Garnett*, 243 F.3d 824, 829 (4th Cir. 2001)). Petitioner notes that a number of Courts of Appeal have disagreed with the Fourth Circuit's conclusion and that Supreme Court has recently granted certiorari to resolve the split in the circuits to resolve the issue. *See Watson v. United States*, 127 S. Ct. 1371 (2007). Be that as it may, Petitioner simply has not demonstrated that, in the Fourth Circuit at present, "the substantive law changed such that the conduct of which the [he] was convicted is deemed not to be criminal." *In re Jones*, 226 F.3d at 334. Thus, the present action is a successive motion pursuant to 28 U.S.C. § 2255 rather than a petition pursuant to 28 U.S.C. § 2241. Accordingly, the petition will be DISMISSED because the Court lacks jurisdiction to entertain it.

An appropriate Order shall issue.

Date: NOV 0 7 2007
Richmond, Virginia

/s/
Richard L. Williams
United States District Judge

3